DLD-098                                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2663
_____

YOUNES KABBAJ,
                                         Appellant

v.

GOOGLE INC., a Delaware Corporation;
AMAZON INC., a Delaware Corporation;
YAHOO INC., a Delaware Corporation,
JOHN DOES 1-10
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 13-cv-01522)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 30, 2015
Before:  FISHER, SHWARTZ and SLOVITER, Circuit Judges

(Opinion filed:  February 10, 2015)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Younes Kabbaj appeals from an order of the United States District Court for the District of Delaware, which granted the Defendants' motions to dismiss his complaint, denied his motions for leave to amend, and dismissed his remaining motions as moot. Because no substantial question is raised by this appeal, we will summarily affirm the District Court's judgment. [1] See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Kabbaj filed a complaint in the District Court against Google, Inc., Amazon, Inc., Yahoo, Inc., and ten "John Doe" defendants, charging defamation, tortious interference with contract, and negligent and intentional infliction of emotional distress based on various online postings.[2] The District Court, in a comprehensive opinion, properly held that Kabbaj's claims against Google, Amazon, and Yahoo are barred by the Communications Decency Act, 47 U.S.C. § 230(c)(1), (e)(3). See Green v. America Online (AOL), 318 F.3d 465, 470-71 (3d Cir. 2003) (Act provides immunity to interactive computer service providers "as a publisher or speaker of information originating from another information content provider").

---

[1] We note that Kabbaj's motions include many matters that are extraneous to this appeal. Our jurisdiction is limited to a review of the District Court's order entered on April 7, 2014.

[2] Kabbaj also included a "Count" for "Declaratory and Injunctive Relief," but we agree with the District Court that declaratory and injunctive relief are remedies rather than causes of action. Because the remaining counts of Kabbaj's complaint failed to state a claim upon which relief could be granted, the District Court also properly dismissed Kabbaj's request for injunctive and declaratory relief.

Kabbaj also argues that the District Court erred by failing to allow him to amend his complaint. But a court need not grant an opportunity to amend a complaint if amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002). Kabbaj sought to add the American School of Tangier and Brian Albo as defendants. We agree with the District Court that those claims would be properly brought in Kabbaj v. American School of Tangier, D. Del. Civ. No. 1:10-cv-00431, and that pursuant to an order in that litigation, Kabbaj must seek permission before suing those parties. See id., dkt. #54 at 2. Thus, we agree that allowing amendment would have been futile.

Because we are summarily affirming the District Court's judgment, we will deny Kabbaj's pending motions as moot.